UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-00678-H

GREGORY BICKLEY                                                                    PLAINTIFF

V.

DISH NETWORKS LLC, and                                                            DEFENDANTS
EQUIFAX INFORMATION SERVICES

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory Bickley brought this suit in federal court alleging that Defendants, DISH

Network LLC and Equifax Information Services LLC (collectively "Defendants"), willfully or

negligently failed to comply with the federal Fair Credit Reporting Act ("FCRA") regarding the

access and release of his credit report.  Additionally, Bickley charges Defendants with intentional

infliction of emotional distress.   In its Answer to the Complaint, DISH Network asserts a

counterclaim for abuse of process on grounds that Bickley lacked good faith in bringing this FCRA

claim.  Bickley now moves for judgment on the pleadings as to the abuse of process claim.  For the

reasons stated herein, the Court will sustain the motion.

I.

DISH Network is a leading national television provider.  Equifax is a consumer reporting

agency, as defined under the FCRA.  Around October 7, 2009, DISH Network made an inquiry for

Bickley's credit report.  Bickley alleges that during this inquiry, DISH Network unlawfully provided

Equifax with personal identifiers without his knowledge or consent.  Moreover, Bickley charges that

DISH Network's inquiry negatively affected his credit score.

Defendants present a different set of facts.  According to DISH Network, an unknown person called American Satellite, an independent, third-party retailer of DISH Network products and services, seeking to purchase a DISH Network service.  The caller first gave the name, "Patrice Louis", and a social security number.  American Satellite declined to sell the service to that person. Another person then got on the call, and provided the name "Gregrina Dickley" (or a similar version thereof), and gave Bickley's social security number.  American Satellite contacted a number of credit reporting bureaus, including Equifax, to determine if the caller qualified for the service. Ultimately, American Satellite determined that the caller did not qualify for that service.  Evidently, Equifax then recorded Bickley's credit score in its database, and DISH Network accessed this score when investigating discovery responses for this case.

While Defendants have provided Plaintiff and this Court with a transcript of this telephone conversation, the facts are unclear as to the extent of DISH Network's involvement in any credit score inquiry or use.  DISH Network argues that Bickley's suit arises from American Satellite's credit score inquiry, not DISH Network's inquiry, and that DISH Network played no part in any adverse impact on or impermissible use of Bickley's credit score.  American Satellite is now defunct, so DISH Network believes that Bickley brought this suit against DISH Network in an effort to extract money from some entity with adequate resources to pay for any damages.  As a result, DISH Network asserted the counterclaim for abuse of process.  DISH Network subsequently filed a motion for summary judgment on this counterclaim, to which Bickley has yet to respond. Nevertheless, Bickley filed this motion for judgment on the pleadings as to DISH Network's counterclaim.

II.

In a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)(quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).  Similar to a motion to dismiss for failure to state a claim, "a motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *JPMorgan Chase Bank*, 510 F.3d at 582).

Because a judgment on the pleadings requires that the Court only look at the pleadings to determine the sufficiency of the claim, "the factual allegations, accepted as true, must 'state a claim to relief that is plausible on its face.'" *Coach Inc. v. Hayes & Co. LLC*, 2012 WL 1221873, at *2 (E.D. Ky. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  "A claim has plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 677.  Thus, the counterclaim plaintiff must plead facts that are more than "'merely consistent with' a defendant's liability." *Id.* (quoting  *Bell Atlantic Corp. v. Twombly* v, 550 U.S. 544, 557 (2007).  The counterclaim pleading must contain sufficient "factual content to nudge [the claim] across the line from conceivable to plausible." *Coach Inc.*, 2012 WL 1221873, at *3 (quoting *Iqbal*, 556 U.S. at 680).

Under Kentucky law, a defendant commits the tort of abuse of process when he 1) has an ulterior purpose for bringing suit other than to resolve the claim, and 2) willfully uses the legal

process in a way that is improper in the regular conduct of a proceeding. *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998). Essentially, abuse of process "consists of 'the employment of legal process for some other purpose than that which it was intended by the law to effect.'" *Raine v. Drasin*, 621 S.W.2d 895 (Ky. 1981).

Defendant alleges in its pleading generally that Plaintiff had an ulterior purpose and lacked good faith for this action. Plaintiff argues that because Defendant failed to allege specifically what ulterior purpose Plaintiff had when bringing this case, the pleadings are insufficient to establish the plausibility that Plaintiff committed abuse of process. Defendant contends, however, that its counterclaim adequately presents enough information that would lead the Court to infer that the ulterior purpose is to extort money from Defendant. The Court agrees with Plaintiff.

DISH Network's counterclaim consists of a recitation of the language comprising the essential elements of the tort of abuse of process without further divulgence of any factual allegations or inferences that tend to prove the existence of those elements. For example, the crux of any abuse of process claim is whether there was an ulterior purpose. *Bourbon County Joint Planning Commission v. Simpson*, 799 S.W.2d 42, 45 (Ky. Ct. App. 1990). To this end, DISH Network only states that "Plaintiff had an ulterior purpose, lacking good faith, for filing this groundless action against DISH Network." The facts DISH Network does allege merely speak to Bickley's knowledge of the identity theft situation and American Satellite's participation in this transaction. DISH Network does not intimate to the Court what ulterior purpose Bickley maintained in pursuing this action. Without more, the allegations are conclusory. Therefore, DISH Network presents an insufficient pleading in its amended counterclaim.

For the reasons stated herein, and otherwise being sufficiently advised,

4

IT IS HEREBY ORDERED that Bickley's's Motion for Judgment on the Pleadings is

SUSTAINED, and DISH Network's counterclaim is DISMISSED WITH PREJUDICE.

Defendant's motion for summary judgment on its counterclaim and Plaintiff's motion for leave

to amend his response to Defendant's counterclaim are both now MOOT.


cc:     Counsel of Record

5